DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
SHAYE HARRINGTON (Bar No. 238354)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:	(916) 444-1000
Facsimile:	(916) 444-2100
cferrannini@downeybrand.com
sharrington@downeybrand.com

EXEMPT FROM FILING FEES
[GOV'T CODE § 6103]

Attorneys for Defendant
LASSEN MUNICIPAL UTILITY DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE DEVLYNE, PAUL GLAU, and KRSTO KNENEVICH,<br><br>Plaintiffs,<br><br>v.<br><br>LASSEN MUNICIPAL UTILITY DISTRICT,<br><br>Defendant. | Case No. 2:10-cv-00286-MCE-DAD<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LASSEN MUNICIPAL UTILITY DISTRICT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) AND 12(f)**<br><br>DATE:	May 27, 2010<br>TIME:	2:00 pm<br>JUDGE:	Morrison C. England, Jr.<br>        Courtroom 7 |

## I. INTRODUCTION

Plaintiffs Connie Devlyne ("Devlyne"), Paul Glau ("Glau") and Krsto Knezevich's[1] ("Knezevich") (collectively, "Plaintiffs") First Amended Complaint ("FAC") contains a smörgåsbord of allegations against Defendant Lassen Municipal Utility District ("LMUD") that are both unsupported and self-conflicting.  In addition to their factual shortcomings, the majority of Plaintiffs' 20 claims for relief are legally without merit and cannot survive LMUD's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), (12(b)(6) and 12(f).  Accordingly, LMUD asks the Court to grant its motion and dismiss Plaintiffs' first, second, third, fourth, fifth, seventh, eighth, eleventh, twelfth, fourteenth, fifteenth, eighteenth and nineteenth claims for relief

---
[1] Knezevich's name is misspelled in the FAC.

1067685.5

1

pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), and their second, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth claims for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addition, pursuant to Federal Rule of Civil Procedure 12(f), LMUD asks the Court to strike the portion of Plaintiffs' prayer for relief seeking penalties under Labor Code section 1102.5.

## II.     ALLEGATIONS IN THE FAC

### A.     *Allegations Regarding Devlyne*

LMUD has continuously employed Devlyne since 1975.  (FAC ¶ 4.)  In the FAC, Devlyne claims she has been subjected to a hostile work environment "throughout her career" because of her gender.  (FAC ¶ 4.)  Specifically, she alleges her male coworkers looked at pictures of nude women, passed gas in the workplace, did not flush the toilet, and other similar conduct.  (FAC ¶ 8.)  She also claims her co-workers threatened her and alleges, without any specifics, that someone "tampered with the brakes of her car."  (FAC ¶ 8.)

Devlyne claims she brought her male co-workers' alleged conduct to the attention of management (most recently in February 2008) "but management has failed to respond effectively to redress or prevent such conduct."  (FAC ¶ 4.)  However, she admits LMUD did conduct an investigation.  (FAC ¶ 10.)  She further admits she is "unaware of the specific identity of those who perpetrated the most dangerous pranks."  (FAC ¶ 25.)  Devlyne claims, without providing specifics, that LMUD retaliated against her after she complained of harassment "by changing her working conditions in a negative manner, isolating her, and changing her work location to a less convenient and safe area in the workplace."  (FAC ¶ 12.)

Devlyne claims she filed a Charge of Discrimination with the Department of Fair Employment and Housing ("DFEH") regarding her alleged "sexually hostile work environment" and received a right to sue letter dated February 10, 2009.  (FAC ¶ 4.)  She received an Equal Employment Opportunity Commission ("EEOC") "Notice of Right to Sue" sometime on or after February 26, 2010.[2]  (Request for Judicial Notice in Support of Defendant Lassen Municipal

---

[2] The FAC has a typographical error and asserts that Devlyne received a right to sue notice on February 23, 2010. (FAC ¶ 4.)  However, the Notice of Right to Sue was mailed on February 26, 2010.  (RJN ¶ 1, Exh. A.)  In any event, whether viewed based on Devlyne's own allegations or the actual right to sue notice, Devlyne received the right to

Utility District's Motion to Dismiss FAC Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("RJN") ¶ 1, Exh. A.) She claims to have "presented a tort claim to [LMUD] on February 8, 2010." (FAC ¶ 4.)

**B.   Allegations Regarding Glau**

LMUD employed Glau from 1991 until he retired "effective December 31, 2009." (FAC ¶ 5.) Glau claims he filed a Charge of Discrimination with the DFEH and received a right to sue letter dated February 13, 2009. (FAC ¶ 5.) Glau received an EEOC "Notice of Right to Sue" sometime after February 26, 2010.[3] (RJN ¶ 2, Exh. B.) He claims to have "presented a tort claim to [LMUD] on February 8, 2010." (FAC ¶ 5.)

   1.   Glau's Alleged Support for Devlyne

Glau claims he "opposed the campaign of sexual harassment directed against [Plaintiff] Devlyne, who was her [sic] subordinate," and thereafter "LMUD retaliated against [him] on account of his opposition, testimony, support and assistance." (FAC ¶ 29.) He alleges that LMUD's General Manager, Ray Luhring ("Luhring"), informed him that he "would fire him" if he did not retire at the end of calendar year 2009 and further "altered the terms and conditions of Glau's employment unfavorably, changing his work location to a less desirable and convenient size and location, removing his subordinates, taking away his company vehicle, withholding information from him, prohibiting him from attending meetings, including safety meetings, barring him from the work place altogether, removing his prior executive and professional job responsibilities and assigning him tasks calculated to demean him, to cause him to fail, and to endanger his safety." (FAC ¶ 29.)

   2.   Glau's Alleged "Whistleblowing"

Glau alleges that his "assigned duties required him to forward to the proper regulatory authorities any finding of certain toxic substances in excess of prescribed levels." (FAC ¶ 37.) In May 2008, Glau reported in "good faith" that "excessive levels of a contaminant were present at

---

sue notice *after she filed the instant action*.

[3] The FAC has a typographical error and asserts that Glau received a right to sue notice on February 13, 2009 (likely intended to be 2010). (FAC ¶ 5.) However, the Notice of Right to Sue was mailed on February 26, 2010. (RJN ¶ 2, Exh. B.) In any event, whether viewed based on Glau's own allegations or the actual right to sue notice, Glau received the right to sue notice *after he filed the instant action*.

1067685.5                                       3

one of LMUD's storage sites." (FAC ¶ 37.) After reviewing the report and the site, "the reviewing officials determined that Glau had mistaken the scientific notations reflecting the level of contamination, and no corrective action was necessary." (FAC ¶ 37.) Glau alleges that "LMUD proposed Glau's termination on account of Glau's misinterpretation" and that a "hearing officer commissioned by LMUD heard evidence on the subject, . . . concluded that disciplinary action was unwarranted, [and] recommend[ed] instead that LMUD require Glau attend training that would prevent such a mistake in the future." (FAC ¶ 37.) According to Glau, LMUD "informed him that if Glau did not agree to retire by December 31, 2009, Luhring would fire him." (FAC ¶ 37.) Glau claims he agreed to retire by that date "to avoid unjust termination and continued exposure to the hostile and dangerous work environment he had been encountering since his support of Devlyne." (FAC ¶ 37.)

### C.     Allegations Regarding Knezevich

According to the FAC, LMUD has continuously employed Knezevich since 1997. (FAC ¶ 6.) "He is currently physically disabled from his work" and, therefore, is not currently working. (FAC ¶ 6.) Knezevich claims he filed a Charge of Discrimination with the DFEH and received a right to sue letter dated February 1, 2010. (FAC ¶ 6.) He received an EEOC "Notice of Right to Sue" sometime after February 26, 2010.[4] (RJN ¶ 3, Exh. B.)

       1.     Knezevich's Alleged Support for Devlyne

Knezevich claims he "opposed the campaign of sexual harassment directed against Devlyne, and, when she made complaints, . . . gave a statement in support of her complaint and otherwise assisted Devlyne." (FAC ¶ 59.) Thereafter, LMUD allegedly "retaliated against [him]" with "trumped-up charges of misconduct," "a written reprimand," and altered terms and conditions of employment, such as "changing his work location to a less desirable and convenient size and location, removing him from the supervision of his long-time supervisor (Glau), removing his prior professional job responsibilities and assigning him tasks with less potential for promotion in the future." (FAC ¶ 59.)

---

[4] Knezevich alleges he filed a Charge of Discrimination and received a right to sue letter dated February 1, 2010. (FAC ¶ 4.) However, the Notice of Right to Sue was mailed on February 26, 2010. (RJN ¶ 3, Exh. B.)

1067685.5                                         4

### 2. Knezevich's "Connection" to Glau's Alleged "Whistleblowing"

Knezevich reported to Glau. (FAC ¶ 66.) He claims, without specifics, that he "participated as Glau's subordinate in Glau's report of what he in good faith believed were high levels of toxic substances to the appropriate regulatory authorities." (FAC ¶ 72.) According to Knezevich, after Glau incorrectly reported excess levels of toxic substances as part of his job duties, "Knezevich was irrationally blamed by LMUD management" and assigned him to perform "duties that were less professional in nature, had less promotion potential, and . . . were far more physically demanding." (FAC ¶ 66.) He asserts that he also made complaints to "the California EPA" on September 5, 2008, and to "California OSHA" on June 11, 2009, each of which "detailed possible environmental violations *and LMUD's retaliatory actions against Knezevich for having raised them as environmental issues*." (FAC ¶ 75 (emphasis added).)

### D. Allegations Regarding All Plaintiffs

In their prayer for relief, Plaintiffs request, among other things, "an award of the $10,000.00 penalty proscribed by California Labor Code § 1102.5." (FAC Prayer for Relief ¶ 2.) Plaintiffs further allege that LMUD "is a publicly owned utility." (FAC ¶ 3.)

### III. LEGAL STANDARD

A complaint over which a federal court lacks subject matter jurisdiction must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint when a plaintiff has not plead a cognizable legal theory or plead sufficient facts to support a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of such a motion, the court must construe the complaint in the light most favorable to the plaintiff. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). However, the court cannot assume that the plaintiff can prove facts that have not been specifically alleged. *Country Nat'l Bank v. Mayer*, 788 F. Supp. 1136, 1139 (E.D. Cal. 1992) (citing *Associated Gen. Contractors v. Cal. State Council*, 459 U.S. 519, 526 (1983)). Additionally, the court cannot accept as true unreasonable inferences, allegations that are merely conclusory, unwarranted deductions of fact, or legal characterizations cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir.

2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

As with motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the grounds for a motion to strike under Federal Rule of Civil Procedure 12(f) must appear on the face of the pleading under attack, or from matters which the court may judicially notice. *SEC v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). Similarly, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Orders striking portions of pleadings are proper even they are not shown to be "prejudicial" to the moving party, if granting the motion will make the trial less complicated or otherwise streamline ultimate resolution of the action. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (rev'd on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535, 114 S.Ct. 1023, 1033 (1994)); *California v. United States*, 512 F.Supp. 36, 38 (N.D. Cal. 1981).

### IV.   LEGAL ARGUMENT

**A.   *Plaintiffs' First, Second, Third, Fourth, Fifth, Seventh, Eighth, Fourteenth and Fifteenth Claims for Relief for Sexual Harassment and Retaliation in Violation of 42 U.S.C. §§ 2000e-2 and 2000e-3, and Sexual Harassment and Failure to Prevent Sexual Harassment in Violation of California Government Code §§ 12940(j) and 12940(k) Fail as a Matter of Law to the Extent Plaintiffs Failed to Exhaust Their Administrative Remedies***

Before asserting civil claims under Title VII or FEHA, plaintiffs must first file an administrative complaint with the California Department of Fair Employment and Housing ("DFEH") and/or EEOC and receive a right to sue letter. 42 U.S.C. § 2000e–5(e)(1); Gov. Code § 12965(b); *see also Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1613 (1995) (failure to exhaust the administrative remedy is a "jurisdictional" defect); *United Air Lines, Inc. v. Evans* (1977) 431 U.S. 553, 558, fn. 4 ("A discriminatory act which is not made the basis for a timely complaint is . . . merely an unfortunate event in history which has no present legal consequences."). Here, Devlyne and Glau filed the instant action on February 9, 2010. However, they did not file their administrative claims and receive right to sue letters until sometime after February 26, 2010, ***after they filed the civil action***. (FAC ¶¶ 4-5.) Because Plaintiffs did not exhaust their administrative claims before filing suit, the Court does not have

jurisdiction to hear their Title VII and Fair Employment and Housing ("FEHA") claims. Accordingly, LMUD's motion should be granted and the first, second, third, fourth, fifth, seventh, eighth, fourteenth and fifteenth claims for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B. The Court Lacks Jurisdiction to Hear Glau's Eleventh and Twelfth Claims for Relief and Knezevich's Eighteenth and Nineteenth Claims for Relief for Violation of 42 U.S.C. §§ 6971 and 9610 Because Glau and Knezevich Failed to Timely Exhaust Their Administrative Remedies with the Secretary of Labor

42 U.S.C. sections 6971 and 9610, which fall within the Resource Conservation and Recovery Act ("RCRA") and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), provide:

> No person shall fire, or in any other way discriminate against, or cause to be fired or discriminated against, any employee or any authorized representative of employees by reason of the fact that such employee or representative has filed, instituted, or caused to be filed or instituted any proceeding under this chapter or under any applicable implementation plan, or has testified or is about to testify in any proceeding resulting from the administration or enforcement of the provisions of this chapter or of any applicable implementation plan.

42 U.S.C. §§ 6971(a), 9610(a).

Each statute sets forth an administrative grievance procedure that must be followed in all cases of alleged violations, which provides in part:

> Any employee or a representative of employees who believes that he has been fired or otherwise discriminated against by any person in violation of section (a) of this section may, **within thirty days after such alleged violation occurs, apply to the Secretary of Labor for a review of such firing or alleged discrimination**. A copy of the application shall be sent to such person, who shall be the respondent. Upon receipt of such application, the Secretary of Labor shall cause such investigation to be made as he deems appropriate.

42 U.S.C. §§ 6971(b), 9610(b) (emphasis added).

"Whenever a statute provides procedures for review, those procedures are exclusive." *Rhode v. City of West Lafayette, Ind.*, 850 F.Supp. 753, 755 (N.D. Ind. 1993) (addressing 42 U.S.C. § 6971), quoting Jacob A. Stein, Glenn A. Mitchell, & Basil J. Mezines, Administrative Law § 43.02[2] (1993). A court does not have jurisdiction to hear the case if these procedures

have not been exhausted. *Id.* Glau and Knezevich do not allege that they exhausted these administrative remedies and there is no basis to believe they did. Accordingly, LMUD's motion should be granted and the eleventh, twelfth, eighteenth and nineteenth claims for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### C. Plaintiffs' Second, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth and Twentieth Claims for Relief Fail as a Matter of Law Because Plaintiffs Failed to Satisfy the Pleading Standard Set Forth in Ashcroft v. Iqbal

In *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009), the United State Supreme Court held that the stricter pleading standard for Federal Rule of Civil Procedure 8 announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), applies to all civil actions in federal court, not just those involving complex cases. Here, Plaintiffs' second, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth claims for relief fail to satisfy the standard set forth in *Ashcroft v. Iqbal*. *See Ashcroft*, 129 S.Ct. at 1949 (stating that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable" and that a complaint that tenders "naked assertion[s] devoid of further factual enhancement" cannot survive a motion to dismiss); *Bell Atlantic Corp.*, 550 U.S. at 555 (same); *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (stating that to survive a motion to dismiss, a complaint must contain "non-conclusory factual content" and "reasonable inferences from that content" that are "plausibly suggestive of a claim").

For instance, with regard to her second and fifth claims for relief for employment retaliation, Devlyne alleges that LMUD "retaliated" against her for allegedly making sexual harassment complaints "by changing her working conditions in a negative manner, isolating her, and changing her work location to a less convenient and safe area in the workplace." (FAC ¶¶ 12, 21.) Similarly, as to her sixth claim for relief for "threats of violence in the workplace," Devlyne alleges simply that "the conduct directed towards [sic] [her] by her co-workers constituted threats of violence." (FAC ¶ 24.) Although she asserts that "the perpetrator's [sic] were acting within the course and scope of their employment," she "is unaware of the specific identity of those who

perpetrated the most dangerous pranks." (FAC ¶¶ 24-25.) These conclusory allegations are insufficient to state a claim consistent with the pleading standard set forth in *Iqbal*.

Glau's and Knenevich's allegations are similarly cursory. For instance, with regard to their seventh, eighth, ninth, tenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth claims for relief, each generally for employment retaliation, Glau alleges that he "opposed the campaign of sexual harassment directed against Devlyne, who was her [sic] subordinate, and, when she made complaints, [Glau and Knenevich] gave a statement in support of her complaint and otherwise assisted Devlyne." (*See e.g.*, FAC ¶ 29.) It is unclear from the pleading to whom Glau and/or Knenevich gave the "statement in support of [Devlyne's] complaint," e.g., was it simply to Devlyne herself in which case they have no claim? Likewise, how did they "otherwise assist" Devlyne? The alleged "adverse action" they suffered is similarly vague and states, "Management's conduct in response to [Glau's and Knenevich's] opposition to forbidden practices and testimony for and assistance to Devlyne was retaliation in violation of California Government Code § 12940(h)." (FAC ¶ 34.) Glau pleads similarly vague allegations in his thirteenth claim for relief for violation of procedural due process rights. (FAC ¶¶ 53-57.) These are just a few examples of the deficiencies in Plaintiffs' pleading. Accordingly, LMUD's motion should be granted and Plaintiffs' second, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth claims for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**D.    *Devlyne's Sixth Claim for Relief for "Threats of Violence" Pursuant to California Civil Code Sections 51.7 and 52.1, Glau's Ninth Claim for Relief for "Discharge in Violation of Public Policy, and Knezevich's Sixteenth Claim for Relief for "Employment Action in Violation of Public Policy" Fail as a Matter of Law Because the California Tort Claims Act Prohibits Liability Against a Public Entity[5] for Public Policy Claims and, Alternatively, Because Plaintiffs Failed to Timely Present a Claim under the Act for Any of These Claims for Relief***

In their ninth and sixteenth claims for relief, Glau and Knezevich assert public policy claims under *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 172 (1980). California courts have concluded that the California Tort Claims Act, Government Code sections 810 *et seq.*, which limits liability against public entities, "bars *Tameny* actions against public entities." *Lloyd v.*

---

[5] Plaintiffs' FAC identifies LMUD as "a publicly owned utility." (FAC ¶ 3.)

1 | *County of Los Angeles*, 172 Cal.App.4th 320, 329-330 (Ct. App. 2009) (noting that "the doctrine
2 | of respondeat superior has no application" to impose liability against a public entity for a *Tameny*
3 | claim), quoting *Miklosy v. Regents of University of California*, 44 Cal.4th 876, 900 (2008).

4 |       Moreover, even if Glau's and Knezevich's *Tameny* claims were not completely barred by
5 | the California Tort Claims Act, those claims nonetheless fail because Glau and Knezevich did not
6 | satisfy their presentment obligations under the Act. *See* Gov. Code § 911.2 (a claimant must
7 | present tort claims no later than six months after the claim for relief accrues); *see also Torres v.
8 | County of Los Angeles*, 209 Cal.App.3d 325 (Ct. App. 1989) (noting that time limits for
9 | presentation of claims under the Tort Claims Act are mandatory); *Watson v. State of California*,
10 | 21 Cal.App.4th 836, 843-844 (Ct. App. 1993). Here, Glau and Knezevich have not alleged
11 | compliance with the Tort Claims Act. *See State v. Superior Court*, 32 Cal.4th 1234 (2004)
12 | (holding that "failure to allege compliance or circumstances excusing compliance with the
13 | [California Tort Claims Act] claim presentation requirement subjects a complaint to a general
14 | demurrer for failure to state facts sufficient to constitute a claim for relief").

15 |       Similarly, Devlyne's sixth claim for relief alleges "threats of violence in the workplace"
16 | under Civil Code sections 51.7 and 52.1, also known as the Ralph Act and the Bane Act,
17 | respectively. Although separate from Government Code section 51 (the Unruh Act), the Ralph
18 | and Bane Acts impose similar requirements such as the requirement that plaintiffs present a claim
19 | in accordance with the Tort Claims Act. *Doe By and Through Doe v. Petaluma City School Dist.*,
20 | 830 F.Supp. 1560 (N.D. Cal. 1993); *Gatto v. County of Sonoma*, 98 Cal.App.4th 744 (Ct. App.
21 | 2002); *Gates v. Superior Court*, 32 Cal.app.4th 481 (Ct. App. 1995). Here, Devlyne has not
22 | alleged compliance with the Tort Claims Act.

23 |       Accordingly, LMUD's motion should be granted and the sixth, ninth and sixteenth claims
24 | for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

25 |
26 | ///
27 | ///
28 | ///

**E.     Glau's Tenth Claim for Relief and Knezevich's Seventeenth Claim for Relief for Violation of California Labor Code § 1102.5 Fail as a Matter of Law Because Glau and Knezevich Did Not Engage in "Protected Activity" or, Alternatively, Because They Cannot Establish a Causal Connection the Alleged Retaliation**

Labor Code section 1102.5 prohibits employers from retaliating against employees for disclosing information to a government or law enforcement agency "where the employee has *reasonable cause* to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." Labor Code § 1102.5 (emphasis added). Here, Glau acknowledges that part of his regular duties were to "forward to the proper regulatory authorities any finding of certain toxic substances in excess of prescribed levels." (FAC ¶ 37.) It was *his responsibility* to know appropriate contaminant levels and report any variances. (FAC ¶ 37.) Despite this responsibility, he claims that in May 2008 he reported what he believed in "good faith" were "excessive levels of a contaminant were present at one of LMUD's storage sites." (FAC ¶ 37.) In fact, as Glau acknowledges, his "good faith belief" was inaccurate, as determined by the "reviewing officials." (FAC ¶ 37.) At no point in the FAC does Glau allege that his report was "reasonable," as is required by Section 1102.5. This is because after 17 years of service with LMUD (FAC ¶ 5), Glau's "complaint" was not reasonable.

Similarly, Knezevich's fourteenth claim for relief fails as a matter of law. Section 1102.5 requires a plaintiff to engage in protected activity, i.e., disclose information to a government or law enforcement agency. *See* Labor Code § 1102.5(b) (stating that "no employer shall retaliate against an employee *for disclosing* information to a government or law enforcement agency") (emphasis added). This language implies that employees are protected for their *own* disclosures. In the FAC, Knezevich alleges that Glau, *not Knezevich*, incorrectly reported excess levels of toxic substances. (FAC ¶ 72.) Knezevich merely reported to Glau and assisted with his work duties. (FAC ¶¶ 66, 72.) This is insufficient to amount to "protected activity." *See e.g. Wasson v. Sonoma County Junior College*, 203 F.3d 659, 663 (9th Cir. 2000) (concluding that a plaintiff may not maintain a first amendment claim where the statements were uttered by someone else).

Although Knezevich alleges that he also made complaints to "the California EPA" and "California OSHA" on September 5, 2008 and June 11, 2009, he acknowledges that he made

those "complaints" after LMUD allegedly began engaging in "retaliatory actions." (FAC ¶ 75 (asserting that the "complaints "detailed possible environmental violations *and LMUD's retaliatory actions against Knezevich for having raised them as environmental issues*"). Thus, based on Knezevich's *own* allegations, there is no causal relationship between his alleged (but misidentified) "protected activity" and LMUD's alleged retaliation. Accordingly, LMUD's motion should be granted and the tenth and seventeenth claims for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**F.  Glau's Seventh, Eighth, Ninth, Tenth and Thirteenth Claims for Relief for Retaliation in Violation of 42 U.S.C. § 2000e-3, Retaliation in violation of the FEHA, Discharge in Violation of Public Policy, Violation of California Labor Code Section 1102.5, and Violation of Procedural Due Process Rights under 42 U.S.C. § 1983 Fail as a Matter of Law Because Glau Did Not Suffer an Adverse Employment Action**

Glau's seventh, eighth, ninth and tenth claims for relief are variations of the same retaliation claim. They each require that he suffer an adverse employment action. *See Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415 (2006) (defining adverse employment action for Title VII claims); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 178 (1980); *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 665-671 (1988) (addressing public policy claims); *Mokler v. County of Orange*, 157 Cal.App.4th 121, 138 (2007) (addressing "whistleblower" claims under Labor Code section 1102.5).

Glau's thirteenth claim for relief asserts civil rights violations under 42 U.S.C. § 1983. To establish personal liability under Section 1983, Glau must show that an official acting under color of state law caused the deprivation of his federal rights. 42 U.S.C. § 1983; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Ybarra v. Bastian*, 647 F.2d 981, 892 (9th Cir. 1981) (stating that section 1983 only protects federal rights, privileges or immunities and that violations of state law alone are insufficient). Much like the "adverse action" requirement for retaliation claims under Title VII, California's public policy scheme and Labor Code section 1102.5, a public entity will not be liable under Section 1983 if the plaintiff has suffered no constitutional harm, e.g., deprivation of a right "secured by the Constitution and laws" of the United States. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996); *Martinez v. State of California*, 444 U.S. 277, 284 (1980).

Here, Glau alleges that he suffered an "adverse employment action" when he voluntarily retired and that he had a constitutional property interest in continued employment that was violated with "[t]he threat to fire him if he did not retire." However, as detailed by Glau's own allegations, Glau did not suffer an "adverse employment action" and no "official acting under color of state law" caused the deprivation of Glau's federal rights. To the contrary, Glau voluntarily retired. (FAC ¶ 5.)

Glau argues that his retirement amounted to "constructive discharge"; however, he bases this entirely on his allegation that LMUD's General Manager said he would terminate Glau's employment if he did not retire by December 31, 2010. This ***single*** allegation, standing alone, is insufficient to establish constructive discharge as a matter of law. *See Pennsylvania State Police v. Suders*, 542 US 129, 143-144, 124 S.Ct. 2342, 2352 (2004) (defining constructive discharge to mean an employer intentionally causes objectively intolerable working conditions or knowingly allowed them to exist); *see also Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 565 (noting that even harassment by coworkers is not sufficient by itself to establish constructive discharge: "Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim"). Notably, Glau never waited to see if he would, in fact, be terminated. Instead, he chose to resign. Based on these allegations, Glau's Title VII, public policy, whistleblower and civil rights claims fail as a matter of law. Accordingly, LMUD's motion should be granted and the seventh, ninth, tenth and thirteenth claims for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**G.     *Devlyne's Second Claim for Relief for Retaliation in Violation of 42 U.S.C. § 2000e-3 and Fifth Claim for Relief for Retaliation in Violation of the FEHA Fail as a Matter of Law Because She Did Not Suffer an Adverse Employment Action***

As noted above, to assert a retaliation claim under Title VII and/or the FEHA, Devlyne was required to allege an adverse employment action. In her FAC, she merely alleges that "LMUD retaliated against [her] by changing her working conditions in a negative manner, isolating her, and changing her work location to a less convenient and safe area in the workplace." (FAC ¶ 12.) This is insufficient to establish an adverse employment action under Title VII. *Burlington Northern & Santa Fe Ry. Co.*, 548 U.S. at 68; *Ashcroft*, 129 S.Ct. at 1937.

Accordingly, LMUD's motion should be granted and the second claim for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### H. *Knezevich's Twentieth Claim for Relief for Violation of California Labor Code Section 6971 Fails as a Matter of Law Because Section 6971 Does Not Exist*

Knezevich's Seventeenth claim for relief for violation of Labor Code section 6971 fails as a matter of law because this code section does not exist. Accordingly, LMUD's motion should be granted and the twentieth claim for relief dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. *Plaintiffs' Prayer for Relief for Penalties Under Labor Code Section 1102.5 Should Be Stricken Because Such Penalties Are Not Recoverable from a Public Entity*

Plaintiffs' prayer for relief requests, among other things, "an award of the $10,000.00 penalty proscribed by California Labor Code § 1102.5." (FAC Prayer for Relief ¶ 2.) Labor Code section 1102.5(f) states: "In addition to other penalties, ***an employer that is a corporation or limited liability company*** is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section." Labor Code § 1102.5(f). However, in their FAC, Plaintiffs allege that LMUD "is a publicly owned utility." (FAC ¶ 3.) Accordingly, based on Plaintiff's own allegations and the plain language of Section 1102.5, Plaintiffs cannot recover penalties from LMUD. As such, LMUD's motion should be granted and the second paragraph of Plaintiffs' prayer for relief stricken pursuant to Federal Rule of Civil Procedure 12(f).

/ / /

/ / /

/ / /

## V. CONCLUSION

Each of Plaintiffs' seventeen claims for relief are legally insufficient. Accordingly, LMUD asks the Court to grant its motion and dismiss Plaintiffs' first, second, third, fourth, fifth, seventh, eighth, eleventh, twelfth, fourteenth, fifteenth, eighteenth and nineteenth claims for relief pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), and their second, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth claims for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, pursuant to Federal Rule of Civil Procedure 12(f), LMUD asks the Court to strike the portion of Plaintiffs' prayer for relief seeking penalties under Labor Code section 1102.5.

DATED: April 20, 2010                        DOWNEY BRAND LLP


                                             By:       /s/ SHAYE HARRINGTON
                                                       SHAYE HARRINGTON
                                                       Attorney for Defendant
                                                  LASSEN MUNICIPAL UTILITY DISTRICT