UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CONNIE DEVLYN, PAUL GLAU and
KRSTO KNEVICH,

         Plaintiffs,

  v.

LASSEN MUNICIPAL UTILITY
DISTRICT,

         Defendant.

No. 2:10-cv-00286-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Through the present action Plaintiffs Connie Devlyn, Paul Glau, and Krsto Knenevich ("Plaintiffs") collectively allege twenty causes of action against Defendant Lassen Municipal Utility District ("Defendant") for wrongful conduct alleged to have been committed in the course of their employment by Defendant.  Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety.

///

///

///

1

Specifically, Defendant moves to dismiss Plaintiffs' first, second, third, fourth, fifth, seventh, eighth, eleventh, twelfth, fourteenth, fifteenth, eighteenth, and nineteenth claims for relief for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant concurrently moves to dismiss Plaintiffs' second, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth claims for relief for failure to state a claim upon which relief may be granted pursuant to 12(b)(6). Additionally, pursuant to Federal Rule of Civil Procedure 12(f), Defendant moves to strike the portion of Plaintiffs' prayer for relief seeking penalties under California Labor Code § 1102.5.

For the reasons set forth below, Defendant's Motions are denied in part and granted in part.[1]

**BACKGROUND**[2]

**A.   Connie Devlyn**

Plaintiff Connie Devlyn ("Devlyn") has been employed by Defendant since 1975. She alleges that she has been subject to a hostile work environment throughout her career because of her gender.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Amended Complaint unless otherwise specified.

2

Devlyn states that her co-workers routinely engaged in overtly sexual conduct such as posting photographs of nude women in her work area, leaving sexually oriented magazines in the restroom, making sexual comments and suggestions to her, and performing mock sex in front of her on other male employees or on a training dummy.  Her male co-workers are also said to have committed various pranks including coming into her office to pass gas, hanging a purple bra in the break room after she endured surgery for breast cancer, hiding a dead skunk in her work area, and tying the emergency exit door to her work area shut.

   Devlyn states she repeatedly reported the misconduct to management but they failed to take adequate action.  Instead, Devlyn alleges that her manager ignored her reports and attempted to intimidate her into not filing a Complaint.  An investigation was conducted, but Devlyn believes it was cursory. The investigator found Devlyn's claims to be without merit.

   Devlyn states Defendant later retaliated against her for her complaints by diminishing her working conditions and relocating her to a less safe work area.  She eventually complained to the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.  In February 2009, she received a right to sue letter.

///
///
///
///
///
///

**B.     Paul Glau**

Plaintiff Paul Glau ("Glau") worked as a Facilities Manager for Defendant from 1991 until December 31, 2009.  Glau states that in that time he opposed the campaign of sexual harassment against a fellow employee (Devlyn) and provided a statement to management in support of her complaints.

In May 2008, Glau began to suspect that excess levels of toxic substances were present at one of Defendant's work sites. He reported his findings but reviewing officials determined that Glau had mistaken the scientific notations reflecting the contamination levels.  No corrective action was taken.

Glau contends that subsequent to his reports of contamination and his statement regarding the sexual harassment claim, Defendant retaliated against him by taking away his company vehicle, withholding information from him, and assigning him lesser work than the executive job responsibilities previously given to him.

Defendant also proposed Glau's termination. However when an internal investigator found termination to be unwarranted, Glau alleges that a General Manager told him that if he did not retire by the end of 2009 he would be fired. Glau agreed to retire on December 31, 2009.  He asserts that his retirement was a constructive discharge.

///
///
///
///

**C.   Krsto Knezevich**

Plaintiff Krsto Knezevich ("Knezevich") has worked for Defendant since 1997. During that time he served as a subordinate under co-Plaintiff Paul Glau. As part of his duties, Knezevich states he participated in reporting suspected high levels of toxic substances present at one of Defendant's work sites. Knezevich alleges that he also opposed the sexual harrassment of a co-worker (Devlyn) and he submitted a statement in support of her complaints.

As a result of these actions, Knezevich alleges that Defendant retaliated against him by wrongfully issuing him a written reprimand and assigning him lesser more dangerous tasks with reduced potential for promotion. Knezevich asserts that these tasks resulted in him being injured and now unable to work.

On the basis of the aforesaid conduct by Defendant and Defendant's employees, Plaintiffs collectively filed suit, alleging twenty causes of action.

**STANDARD**

**A.   Motion to Dismiss Pursuant to Rule 12(b)(1)**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").

///

1  Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d
2  730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan
3  Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion
4  constitutes a facial attack, the court must consider the factual
5  allegations of the complaint to be true.  Williamson v. Tucker,
6  645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.
7  If the motion constitutes a factual attack, however, "no
8  presumptive truthfulness attaches to plaintiff's allegations, and
9  the existence of disputed material facts will not preclude the
10 trial court from evaluating for itself the merits of
11 jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting
12 Mortensen, 549 F.2d at 891).
13      If the court grants a motion to dismiss a complaint, it must
14 then decide whether to grant leave to amend.  Generally, leave to
15 amend should be denied only if it is clear that the deficiencies
16 of the complaint cannot be cured by amendment.  Broughton v.
17 Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

**B.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

21      On a motion to dismiss for failure to state a claim under
22 Rule 12(b)(6), all allegations of material fact must be accepted
23 as true and construed in the light most favorable to the
24 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
25 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and
26 plain statement of the claim showing that the pleader is entitled
27 to relief" in order to "give the defendant fair notice of what
28 the...claim is and the grounds upon which it rests."

6

1  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting
2  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint
3  attacked by a Rule 12(b)(6) motion to dismiss does not need
4  detailed factual allegations, a plaintiff's obligation to provide
5  the "grounds" of his "entitlement to relief" requires more than
6  labels and conclusions, and a formulaic recitation of the
7  elements of a cause of action will not do.  Id. at 1964-65
8  (internal citations and quotations omitted).  A court is not
9  required to accept as true a legal conclusion couched as a
10 factual allegation.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
11 (2009).  Factual allegations must be enough to raise a right to
12 relief above the speculative level.  Twombly, 127 S. Ct. at 1965
13 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure
14 § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain
15 something more...than...a statement of facts that merely creates
16 a suspicion [of] a legally cognizable right of action")).
17      "Rule 8(a)(2)...requires a 'showing,' rather than a blanket
18 assertion of entitlement to relief.  Without some factual
19 allegation in the complaint, it is hard to see how a claimant
20 could satisfy the requirements of providing not only 'fair
21 notice' of the nature of the claim, but also 'grounds' on which
22 the claim rests."  Id.
23     A pleading must contain "only enough facts to state a claim
24 to relief that is plausible on its face."  Id. at 570.  If the
25 "plaintiffs...have not nudged their claims across the line from
26 conceivable to plausible, their complaint must be dismissed."
27 Id.
28 ///

7

Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

### C. Motion to Strike

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.

///
///

1 Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)
2 (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517,
3 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)) (internal citations
4 and quotations omitted).  Impertinent matter consists of
5 statements that do not pertain, and are not necessary, to the
6 issues in question.  Id.

**ANALYSIS**

**A.   Motion to Dismiss Pursuant to Rule 12(b)(1)**

Defendant moves to dismiss Counts 1-5, 7-8, 11-12, 14-15, and 18-19 of Plaintiffs' Complaint for lack of subject matter jurisdiction.  Defendant asserts that these claims are jurisdictionally defective in that Plaintiffs have failed to allege exhaustion of applicable administrative remedies.  As to Counts 1-5, 7-8, and 14-15, Defendant argues that Plaintiffs failed to obtain prerequisite right to sue letters from the Equal Employment Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing ("DFEH") as required for claims arising under Title VII of the Civil Rights Act ("Title VII") and California's Fair Employment and Housing Act ("FEHA") respectively.

///
///
///
///
///
///

1  As to Counts 11-12 and 18-19, Defendant asserts that Plaintiffs
2  failed to apply to the Secretary of Labor for review as required
3  for claims arising out of the Comprehensive Environmental,
4  Compensation, and Liability Act ("CERCLA") and Solid Waste
5  Disposal Act ("SWDA").[3]  Defendant alleges that Plaintiffs'
6  failure to obtain right to sue letters or apply to the Secretary
7  of Labor for review deprive this Court of subject matter
8  jurisdiction over Plaintiffs' claims.

### 1.   **Right to Sue Letter**

Plaintiffs' Counts 1-5, 7-8, and 14-15 allege sexual harassment in violation of 42 U.S.C. § 2000e-2, retaliation in violation of 42 U.S.C. § 2000e-2, sexual harassment in violation of Cal. Gov't Code § 12940(j), failure to prevent sexual harassment in violation of Cal. Gov't Code § 12940(k), and retaliation in violation of Cal. Gov't Code § 12940(h).

For federal claims arising under Title VII, 42 U.S.C. 2000e, *et seq.*, a plaintiff must first file an administrative complaint with EEOC and receive a right to sue letter.  42 U.S.C. § 2000e-5.

///
///

---

[3] Plaintiffs' Complaint addresses its claims as arising under the Solid Waste Disposal Act ("SWDA"), whereas Defendant's Motion refers to such claims as arising under the Resource Conservation Recovery Act ("RCRA"). The Court acknowledges that the RCRA was enacted as an amendment to the SWDA, and therefore reference to either would be appropriate.  For consistency, the Court will refer only to the SWDA.

10

Similarly, for state claims arising under FEHA, Cal. Gov't Code 12900, *et seq.*, a plaintiff must first file an administrative complaint with DFEH and receive a right to sue letter.

Defendant complains that Plaintiffs initiated suit on February 9, 2010 but did not file their administrative claims and receive right to sue letters until February 26, 2010, after they filed the civil action. Defendant asserts that, resultantly, Plaintiffs' relevant claims are jurisdictionally defective.

However, subsequent to receiving right to sue letters, Plaintiffs filed a First Amended Complaint on April 6, 2010. Under this operative complaint, Plaintiffs have properly alleged exhaustion of applicable administrative mandates such that they are now authorized to file suit in district court. In the operative complaint, Plaintiffs have alleged that the obtained right to sue letters. Jurisdiction has been sufficiently established.

Accordingly, Defendant's Motion to Dismiss Plaintiffs' Counts 1-5, 7-8, and 14-15 pursuant to Rule 12(b)(1) is denied.

**2.    Application for Review by the Secretary of Labor**

Plaintiffs' Counts 11-12 and 18-19 allege retaliation for reporting contamination addressed by CERCLA in violation of 42 U.S.C. § 9610(a), and retaliation for reporting contamination addressed by SWDA in violation of 42 U.S.C. § 6971.

///
///
///

11

1    Defendant argues that for claims arising under CERCLA or
2 SWDA that Plaintiffs were required to apply to the Secretary of
3 Labor for a review of their claims pursuant to 42 U.S.C.
4 §§ 6971(a), 9610(a).  In support of this proposition, Defendant
5 relies on a Northern District of Indiana case, Rhode v. City of
6 West Lafayette, 850 F. Supp. 753 (N.D. Ind. 1993).  However, the
7 jurisdictional question in Rhode regarded an attempt to appeal an
8 administrative decision rendered by the Department of Labor, not
9 whether review by the Department of Labor was a necessary
10 precursor to civil suit.  Moreover, Rhode holds no binding
11 authority over this Court and nothing in the statute or in Ninth
12 Circuit precedent requires that a plaintiff first apply to the
13 Secretary of Labor for review in order to assert a claim under
14 CERCLA or SWDA.  Rather, the text of both CERCLA and SWDA state
15 that any employee who belives he has been fired or discriminated
16 against for reporting suspected contamination "***may***...apply to the
17 Secretary of Labor for review of such firing or alleged
18 discrimination."  42 U.S.C. §§ 6971(a), 9610(a) (emphasis added).
19 The language employed is permissive, not obligatory.  This Court
20 may properly exercise jurisdiction over Plaintiffs' claim without
21 prior administrative review.
22    Accordingly, Defendant's Motion to Dismiss Plaintiffs'
23 Counts 11-12 and 18-19 pursuant to Rule 12(b)(1) is denied.
24 ///
25 ///
26 ///
27 ///
28 ///

**B.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

Jurisdiction having been established, the Court now turns to Defendant's Motion to Dismiss Plaintiffs' Counts 2, 5-10, and 13-20 for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Defendant argues that Plaintiffs' allegations are cursory, failing to sufficiently state facts in support of their claims as necessary under the notice pleading standard. The Court will address the claims brought by each individual Plaintiff in turn.

**1.   Claims Alleged by Devlyn**

Defendant seeks to dismiss Plaintiffs' Counts 2, 5 and 6, as alleged individually by Plaintiff Connie Devlyn. Defendant argues that these claims consist of mere legal conclusions that fail to meet the pleading standard.

Counts 2 and 5 allege that Defendant, in response to Devlyn's complaints of sexual harassment, retaliated against her in violation of 42 U.S.C. § 2000e-3 and Cal. Gov't Code § 12940(h) "by changing her working conditions in a negative manner, isolating her, and changing her work location to a less convenient and safe area in the workplace". Count 6 alleges threats of violence in the workplace in violation of Cal. Civil Code §§ 51.7 and 52.1.

///
///
///

13

To support her claim, Devlyn alleges several inappropriate acts by her coworkers including hiding a dead skunk in her work area, operating equipment in her vicinity in a manner calculated to startle her, tying the emergency exit door in her work area shut, and writing "Ding Dong the Witch is Dead" on a bulletin board after Devlyn returned from surgery to treat breast cancer. She also believes one of her coworkers tampered with the brakes of her car.

For each of these claims, the allegations provided are by no means mere "legal conclusion" but rather factual descriptions of actions allegedly taken against Devlyn and her belief that such action was committed in retaliation and constituted threats of violence. Defendant need only be placed on notice of the facts alleged and armed with the ability to construct a viable defense. That standard has been met here.

Defendant additionally argues that Count 6 for "threats of violence in the workplace" also falls short of the pleading standard for failing to allege compliance with the California Tort Claims Act. Defendant asserts that because the allegations of Count 6 fall under California's Ralph and Bane Acts respectively, that Plaintiff is therefore required to follow the presentment obligations of the California Tort Claims Act in order to bring a claim. See Cal. Gov Code § 910, *et seq*. In asserting this requirement, Defendant relies on Doe By and Through Doe v. Petaluma City School Dist., 830 F. Supp. 1560 (N.D. Cal. 1993); Gatto v. County of Sonoma, 98 Cal. App. 4th 744 (Ct. App. 2002); and Gates v. Superior Court, 32 Cal. App. 4th 481 (Ct. App. 1995).

However, the case law Defendant relies upon is inapplicable. Both Doe and Gatto concern the Unruh Act, not the Ralph and Bane Acts.  Nor does Gates apply to the case at bar; although it touches on Cal. Civ. Code § 51.7 of the Ralph Act, there the court's ruling focused on the protections afforded to police officers against "threats of violence" lawsuits for conduct committed in the course of their duties.  Here, Defendant's argument that Plaintiffs must first allege compliance with the California Tort Claims act in order to state a claim for "threats of violence in the workplace" is without merit.

As to Counts 2, 5 and 6, Plaintiffs have met their burden under the notice pleading standard.  Accordingly, Defendant's Motion to Dismiss Plaintiff's Counts 2, 5, and 6 pursuant to Rule 12(b)(6) is denied.

**2.   Claims Alleged by Glau**

Defendant seeks to dismiss Plaintiffs' Counts 7-8, 10 and 13, as alleged by Plaintiff Paul Glau, for failure to meet the pleading standard under Rule 12(b)(6).

Counts 7-8 allege that after Glau expressed support for a fellow employee (Devlyn) in her complaints of sexual harassment, Defendant retaliated against him by charging him with misconduct and forcing his early retirement in violation of 42 U.S.C. 2000e-3 and Cal. Gov't Code § 1294(h).  Count 10 alleges that after Glau engaged in the "protected activity" of reporting toxic substances, Defendant retaliated against him by forcing his early retirement in violation of Cal. Labor Code § 1102.5.

15

Finally, in Count 13, Glau alleges that his forced retirement constituted a "constructive discharge" in violation of his procedural due process rights.

All of these claims are comprised of facts sufficient to meet the notice pleading standard. Defendant has been made aware of the conduct and circumstances that Glau believes is unlawful, and therefore may adequately prepare a defense in response to the facts alleged.

Defendant further argues that as regards to Count 10, Glau has failed to state a claim as he did not participate in a "protected activity" as required under Cal. Labor Code § 1102.5. Under the statute, a protected activity exists "where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute." Defendant argues that because investigators later found that the toxic levels Glau reported were not dangerous, that Glau therefore did not have reasonable cause to believe a statute was being violated.

However Defendant's argument inappropriately alters the definition of "protected activity," implying that the person reporting the suspected violation must be correct in order to be protected. That is not what the statute requires. "Reasonable cause" is the relevant standard, and here Defendant has alleged that he reasonably believed that a statute was being violated.

Finally, Defendant argues for dismissal of Counts 7-8, 10, and 13 on the alternate ground that Glau did not suffer an adverse employment action. Defendant argues Glau retired voluntarily and was not subjected to a hostile working environment.

16

1  However, Defendant's argument inherently invokes a dispute
2 regarding the terms of Glau's "discharge."  Such a determination
3 is not a legal question but a factual one, which would benefit
4 from the discovery process going forward.  All that is required
5 at this stage is that Glau provide factual support for his
6 allegation that he suffered adverse employment action by
7 Defendant.  That standard has been met.
8  Resultantly, Defendant's Motion to Dismiss Counts 7, 8, 10
9 and 13 pursuant to Rule 12(b)(6) is denied.

### 3.  Claims Alleged by Knezevich

13  Defendant seeks to dismiss Counts 17-19, as alleged by
14 Plaintiff Krsto Knezevich, for failing to state a claim upon
15 which relief may be granted.  Counts 17-19 alleged that after
16 Knezevich participated in reporting suspected high levels of
17 toxic substances, Defendant retaliated against him by wrongfully
18 charging him with misconduct, reprimanding him, and assigning him
19 lesser tasks in violation of Cal. Labor Code § 1102.5, 42 U.S.C.
20 § 9610(a), and 42 U.S.C. § 6971.
21  Again, the facts alleged are sufficient to place Defendant
22 on notice of the claims brought against it such that Defendant
23 may construct a defense.  Plaintiffs have met the necessary
24 pleading standard.
25 ///
26 ///
27 ///
28 ///

17

Defendant additionally attacks Count 17 on the grounds that Knezevich did not participate in a "protected activity" as required for a retaliation claim under Cal. Labor code § 1102.5. Defendant argues that because Knezevich was employed as a subordinate he cannot be said to have participated in the "protected activity" of reporting suspected high levels of toxic substances, as he was not the authority who actually submitted the report.

However, Plaintiffs' Complaint alleges that despite Knezevich's role as a subordinate he was still "irrationally blamed" for the reporting of toxic substances (Pls.' Compl. 14:7) and that Defendant "was aware that Knezevich had participated in the reports" (Pls.' Compl. 15:11-12). When evaluating a Motion to Dismiss, the Court must take the factual allegations of the Complaint as true. In so doing, the Court finds that Knezevich was sufficiently a participant in a protected activity as to belie a claim for violation of Cal. Labor code § 1102.5.

Accordingly, Defendant's Motion to Dismiss Counts 17-19 pursuant to Rule 12(b)(6) is denied.

### 4.   Non-Opposition to Dismissal

Plaintiffs do not oppose dismissal of Counts 9, 14-16, and 20. Defendant's Motion to Dismiss these claims is granted.

///
///
///
///

18

**C.   Motion to Strike**

Plaintiffs do not oppose Defendant's Motion to Strike Plaintiffs' prayer for relief for civil penalties under California Labor Code § 1102.5 as Defendant is a public entity. Accordingly, Defendant's Motion to Strike is granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 8) is DENIED as to Counts 1-8, 10-13, and 17-19.  Defendant's Motion to Dismiss is GRANTED as to Counts 9, 14-16, and 20.  Defendant's Motion to Strike is GRANTED.

Plaintiffs may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' Counts 9, 14-16, and 20 will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: August 5, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE